IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DISABLED PATRIOTS OF AMERICA, INC., *et al.*, | ) CASE NO. 1:06 CV 3063 ) |
| Plaintiffs, | ) JUDGE CHRISTOPHER A. BOYKO ) ) |
| v. | ) MAGISTRATE JUDGE ) WILLIAM H. BAUGHMAN, JR. ) |
| BEVERLY TERRACE, LTD., | ) ) **REPORT & RECOMMENDATION** |
| Defendant. | ) |

## Introduction

Before me by referral[1] is a motion by plaintiffs Disabled Patriots of America, Inc. and Bonnie Kramer (collectively "DPA") for an award of fees, expenses, and costs under 42 U.S.C. § 12205.[2] The motion arises out of an Americans with Disabilities Act ("ADA")[3] suit they brought,[4] which was subsequently settled.[5] The motion is opposed by defendant Beverly Terrace, Ltd. ("Beverly Terrace").[6] DPA has filed a reply to that opposition.[7]

---

[1] ECF # 20.

[2] ECF # 19.

[3] 42 U.S.C. § 12181, *et seq.*

[4] ECF # 1.

[5] ECF # 18.

[6] ECF # 25.

[7] ECF # 26.

## Facts

As noted, this matter was settled before trial. The stipulated settlement executed by the parties provides, in pertinent part, that Beverly Terrace agrees to pay for the "reasonable fees, expenses and costs" incurred by DPA, such amounts to be negotiated by the parties or, if they are unable to agree on an amount, by the Court.[8] Subsequent to the execution of this Agreement, the Court dismissed the case with prejudice.[9]

DPA thereupon filed the present motion for fees, asserting, based on the settlement agreement, that it was the prevailing party, and further seeking, again based on the settlement agreement, payment of its attorneys' fees, expert fees, costs, other litigation expenses, and costs totaling $24,675.75.[10] DPA also seek an award of fees and expenses incurred subsequent to the filing of this motion.[11]

In its brief in opposition, Beverly Terrace makes three arguments:

(1) The fees are unreasonable, as an hourly rate, when the underlying agreement was contingent in nature.

(2) The fees are unreasonable because the circumstances surrounding the filing of this matter, including, but not limited [to] the absence of pretrial investigation into the status of the building, or the necessity to file this litigation at all.

---

[8] ECF # 19, Ex. 1 (Addendum to Settlement Agreement).

[9] ECF # 18.

[10] *See*, ECF # 19 at 15-16.

[11] *Id.*, at 16.

    (3)    The fees are unreasonable, in part, because the duplication of counsels' efforts, and/or unnecessary fees for travel.[12]

## Analysis

### A.  Standard of review

The ADA provides that "[i]n any action ... commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party ... a reasonable attorney's fee."[13] A district court's decision to award fees in an ADA matter is reviewed for abuse of discretion.[14] "An abuse of discretion is evident when the district court 'relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard.'"[15] Abuse of discretion will only be found where the district court "plainly erred."[16]

The primary concern in an attorney fee case is that the award be reasonable, "that is, one that is adequately compensatory to attract competent counsel yet which avoids producing

---

[12] ECF # 25 at 3.

[13] 42 U.S.C § 12205.

[14] *Hamlin v. Charter Township of Flint*, 165 F.3d 426, 436-37 (6th Cir. 1999) (citation omitted).

[15] *Phelan v. Bell*, 8 F.3d 369, 373 (6th Cir. 1993) (citation omitted).

[16] *Hamlin*, at 437, quoting *Thurman v. Yellow Freight Syss.*, 90 F.3d 1160, 1170-71 (6th Cir. 1996) (citation omitted).

a windfall for lawyers."[17] Thus, the district court's starting point in arriving at a reasonable attorney's fee "should be the determination of the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate."[18] After arriving at the lodestar, the district judge is then to consider other relevant factors "peculiar to the subject litigation," to determine if the lodestar number is to be adjusted.[19] Specifically, as a way of considering other factors that may result in an adjustment of the lodestar, the Sixth Circuit has endorsed[20] the use of 12 factors first articulated by the Fifth Circuit in *Johnson v. Georgia Highway Express*:[21]

    (1)    the time and labor required;

    (2)    the novelty and difficulty of the questions;

    (3)    the skill requisite to perform the legal service properly;

---

[17] *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citations omitted).

[18] *Id*. (citations omitted). The Second Circuit, in the recent case of *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 522 F.3d 182 (2d Cir. 2008), has an extensive and thorough discussion of the confusion surrounding the varying statements of fee methodology adopted by the Supreme Court and the circuit courts over the years, concluding that the value of the "lodestar" metaphor "has deteriorated to the point of unhelpfulness." *Id.* at 190. Although the Second Circuit has proposed adopting a "presumptive reasonable fee" approach, *id*., Sixth Circuit authority appears to remain in favor of utilization of the "lodestar" approach.

[19] *Adcock-Ladd*, 227 F.3d at 349.

[20] *Id.*

[21] *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974).

(4)  the preclusion of employment by the attorney due to the acceptance of the case;

(5)  the customary fee;

(6)  whether the fee is fixed or contingent;

(7)  the time limitations imposed by the client or by the circumstances;

(8)  the amount involved and the result obtained;

(9)  the experience, reputation, and ability of the attorneys;

(10)  the "undesirability" of the case;

(11)  the nature and length of the professional relationship with the client;

(12)  awards in similar cases.[22]

The Sixth Circuit has further held that a district court may apply the *Johnson* factors either after its initial valuation of the hours reasonably expended at a reasonable rate, or during that valuation.[23]

In the end, the district court must "provide a concise but clear explanation of its reasons" regarding an award of attorneys' fees.[24] Modifications to the lodestar are proper

---

[22] *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983) (summarizing the *Johnson* factors).

[23] *Hamlin*, 165 F.3d at 437 (citation omitted).

[24] *Id.*, quoting *Hensley*, 461 U.S. at 437.

only in "'rare' and 'exceptional' cases, supported by 'specific evidence' on the record and detailed findings by the lower court."[25]

As a general rule, where "a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.  Normally, this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified."[26]  The party seeking fees bears the burden of proof as to the number of hours expended and the rate claimed.[27]

Specifically as to the effect of contingent fee arrangements on an eventual award, the Sixth Circuit is clear that "the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel."[28]  In fact, if the contingent nature of the fee is to be considered at all in computing a reasonable attorney's fee, it would be only to adjust the reasonable hourly rate upward "to account for the risk of non-payment inherent in a contingency fee arrangement."[29]  To use a contingent

---

[25] *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

[26] *Hamlin*, 165 F.3d at 438.

[27] *Hensley*, 461 U.S. at 433.

[28] *Hamlin*, 165 F.3d at 438, quoting *United Slate, Tile & Composition v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984).

[29] *Hamlin*, 165 F.3d at 438.

fee arrangement as a basis for reducing the attorney fee from an otherwise reasonable hourly rate is "illogical and unjustified."[30]

As to whether the lack of any prelitigation notice may be recognized by the district court as a basis for reducing attorneys' fees, the Ninth Circuit has recently held that because the ADA does not itself require plaintiffs to give notice to defendants before filing an ADA suit, "a district court may not use a lack of prelitigation notice as a factor in determining whether to deny as unjust a request for attorney fees under the ADA."[31]  However, the Eleventh Circuit, while agreeing that the ADA does not require prelitigation notice, has held that a district court may consider whether a plaintiff's failure to ask for or to accept voluntary compliance prior to initiating suit is evidence of bad faith, of being unduly litigious, or of causing undue expense.[32]  In such a case, the factual record to support a finding that the suit had been commenced unnecessarily must be complete, and it is an abuse of discretion to reduce fees on the grounds that the suit was not necessary when the record is incomplete and no evidentiary hearing was conducted.[33]

---

[30] *Id. See also*, *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992) (contingent fee arrangement does not justify enhancing attorney fee award from lodestar amount).

[31] *Jankey v. Poop Deck*, __ F.3d __, No. 06-55957, 2008 WL 3307146, at *9 (9th Cir. Aug. 12, 2008).

[32] *Ass'n of Disabled Americans v. Neptune Designs*, 469 F.3d 1357, 1359-60 (11th Cir. 2006).

[33] *Id*. at 1360-61.

**B.     DPA should be entitled to its claimed fees inasmuch as they are permitted by the statute, and Beverly Terrace's objections do not provide any factual basis for recommending any reductions.**

In the present case, the parties have agreed that DPA should recover its reasonable fees and expenses. In that regard, Beverly Terrace has asserted only three grounds for reducing the claimed amount of DPA's fees. However, because Beverly Terrace has cited no cases and provided no evidentiary basis detailing exactly how the DPA's claimed amount should be reduced, I will, for the reasons that follow, recommend that DPA's motion for fees and costs be granted.

*1.     Lodestar amount*

*(a)    Hourly rate*

Here, the two attorneys for DPA claim fees under an hourly rate of $325 per hour.[34] That figure, which is based on counsels' national experience in similar cases,[35] is not challenged by Beverly Terrace.[36] Moreover, I am aware that these same two counsel have recently been awarded attorney's fees under the same hourly rates claimed here in at least two other cases within the Northern District of Ohio.[37] In addition, as noted, there is no basis

---

[34] *See*, ECF # 19 at 7.

[35] *Id.*

[36] ECF # 25 at 3. "Defendant will not quibble with the purported hourly rates of counsel."

[37] *See*, *Disabled Patriots of America v. SCIT*, No. 1:06-cv-2888 (N.D. Ohio, Aug. 15, 2007); *Kramer v. Port Hospitality*, No. 1:06-cv-2889 (N.D. Ohio, April 28, 2007).

-8-

for downwardly adjusting the hourly rates based on the fact that the original fee agreement was a contingency agreement.

Therefore, given controlling law, the absence of dispute from Beverly Terrace and the prior rulings of this Court, I recommend finding that an hourly rate of $325 per hour for attorneys Todd Shulby and Guy Shir is reasonable.

*(b)      Reasonableness of time spent*

Initially, it should be noted that DPA has meet its initial burden of providing proof as to the actual hours spent by its attorneys.[38] However, Beverley Terrace complains (1) that out-of-state counsel for DPA should not be permitted to recover for time spent in travel to and participation in a site examination, since DPA should have used local counsel, and (2) further attempts to argue for other unspecified reductions in compensable time due to "duplication of counsels' efforts."[39]

With respect to recovery of fees for time spent in travel, the Sixth Circuit appears not to have considered the question of whether or to what degree travel costs incurred by out-of-forum counsel should be recovered as part of an attorney's fee award. The Ninth Circuit seems to have a clear rule that such costs should be fully recoverable.[40] The Third Circuit, by contrast, teaches that travel time incurred by an out-of-forum counsel is ordinarily

---

[38] ECF # 19.

[39] ECF # 25 at 3.

[40] *See*, *Johnson v. Credit Int'l*, No.5-16696, 2007 WL 3332813, at *2 (9th Cir., Nov. 8, 2007) (citing *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986)).

not recoverable as attorney's fees unless local counsel was unable to perform the task for which out-of-town counsel made the trip.[41] The Second Circuit has upheld an award of fees by which the district court permitted out-of-forum counsel to recover fees for travel, but reduced the hourly rate for such time by half from counsel's normal rate.[42]

Here, the two prior fee awards to DPA in this District provide no specific guidance as to compensability of travel time. One would assume, however, that since both counsel are located out of the forum and that the other suits were similar in that they concerned individual properties alleged to be deficient in ADA compliance, that travel time was involved and compensated in both other fee awards. Thus, (1) since I have been able to discover no clear guidance from the Sixth Circuit on this issue, and further (2) since this Court appears to have approved full compensation for out-of-forum counsel as part of the fee award in accord with the Ninth Circuit's rule and Beverly Terrace has provided no contrary authority, I recommend finding that Beverly Terrace's objection to the full compensation of travel time be rejected.

With respect to Beverly Terrace's contention that the total hours claimed here should be reduced for containing duplication of efforts by counsel, I note again that Beverly Terrace has provided no specific evidence of duplication and that both counsel were compensated in the two other fee awards without a mention of duplication of effort.

---

[41] *Hahnemann Univ. Hosp. v. All Shore*, 514 F.3d 300, 311-12 (3rd Cir. 2008).

[42] *Barfield v. New York City Health & Hosps. Corp.*, __ F.3d __, Nos. 06-4137-cv (L), 06-4310-cv (xap), 2008 WL 3255130, at **16-17 (2d Cir., Aug. 8, 2008).

On review, Beverly Terrace has provided no actual evidence by which this Court could reduce the fees claimed by DPA by any specific amount.[43]

Inasmuch as DPA has a right to recover reasonable attorneys' fees here under both the statute and the settlement agreement, and has supported its claimed amounts in light of the *Johnson* factors for assessing reasonableness of hourly rates and the reasonableness of time spent,[44] while Beverly Terrace has only made general objections, I recommend finding that Beverly Terrace has not provided any basis by which this Court may reject the specific fee amounts claimed by DPA on the grounds that the hourly rates or the time spent was unreasonable in any specific way. Thus, I recommend approving the lodestar amounts claimed by DPA's attorneys.

## 2. *Unnecessary suit*

The lodestar amount having been established, the only remaining issue is whether that amount should be reduced by a specific amount or denied in its entirety because the suit was unnecessary. To that end, Beverly Terrace principally argues that DPA did not offer it any prelitigation notice.

First, I note that the clear weight of authority is not to deny fees in their entirety simply because DPA did not provide prelitigation notice. While the Eleventh Circuit is careful to observe that a lack of notice may be an element of proof going to the larger question of whether a suit was unnecessarily brought, the Ninth Circuit makes a valid point

---

[43] ECF # 19.

[44] *Id.*, at 8-13.

-11-

that relying on a lack of prelitigation notice alone would impermissibly make such notice a virtual requirement for suit, something not intended by Congress and not required by the Act itself. Therefore, if Beverly Terrace is to state a valid reason for reducing or eliminating fees because the suit was unnecessary, it must do so by something other than merely pointing to the lack of prelitigation notice. It has not done so.

I am not unaware that litigation such as this is at least potentially abusive and that defendants have reason to feel aggrieved at having to pay fees to the plaintiffs for lawsuits they consider unnecessary.[45] However, it is clear that Congress, in enacting the fee-shifting provisions of the ADA, as with other civil rights statutes, intended to ensure access to rights by those who could not afford to retain lawyers[46] and further determined that these plaintiffs should not be required to provide prelitigation notice as a condition to bringing suit.

Accordingly, given that, and also given that reductions to fee awards must be justified with some specificity, I do not find on this record that Beverly Terrace has provided any clear, factual, and legally permissible basis for reducing or denying the fees claimed by DPA because the suit was unnecessary.

---

[45] The Eleventh Circuit in *Neptune Designs*, 469 F.3d at 1359, for example, noted that the Magistrate Judge hearing an ADA fee request referred to the "cookie cutter" nature of the suit and the "secretarial nature" of some of the legal work for which fees were sought. I also note that DPA itself was characterized recently by the Court in *Disabled Patriots of America v. HT West End*, No. 1:04-cv-3216, 2006 WL 449152, at *3 n.4 (N.D. Georgia, Feb. 23, 2006) as "volume filers of these ADA suits ...[that] appear to settle quickly, and counsel then requests attorney's fees."

[46] *Hensley*, 461 U.S. at 429.

## Conclusion

For the foregoing reasons, I recommend finding that DPA has meet its burden of establishing its right to recover attorneys' fees, expert fees and costs as provided for under the statute and the settlement agreement, and that Beverly Terrace has not provided any factual, legally permissible basis for reducing or denying the amounts claimed by DPA. On the basis of this record, therefore, I recommend approving DPA's application for attorneys' fees, expert fees, and costs in full.

Dated:  August 25, 2008                           s/ William H. Baughman, Jr.
                                                  United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[47]

---

[47] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).